UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SAMKENS JOSE,

             Plaintiff,

- against -

P.O. DRITON KRASNIQI, Shield No. 1161,
LIEUTENANT KEVIN McMILLAN, Tax Registration
No. 914866, P.O. VINCENT LAU, Shield No. 2730
and THE CITY OF NEW YORK,

             Defendants.
-----------------------------------------------------------------X

13 CV 4503 (CBA) (LB)

AMENDED
COMPLAINT AND
JURY TRIAL DEMAND

      Plaintiff, SAMKENS JOSE, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

      1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

      2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

      3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

      4.    Plaintiff, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for battery and false arrest.

## VENUE

      5.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, SAMKENS JOSE, was and is a natural person, resident in the County of Kings, City and State of New York.

8. At all times relevant hereto, defendant P.O. DRITON KRASNIQI, Shield No. 1161 (hereinafter "KRASNIQI") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant LIEUTENANT KEVIN McMILLAN, Tax Registration No. 914866 (hereinafter "McMILLAN") was and is a natural person, employed as a lieutenant by defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant P.O. VINCENT LAU, Shield No. 2730 (hereinafter "LAU") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

12. On or about August 6, 2012, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claims arose.

13. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claims.

14. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

15. The individual defendants are sued in their individual capacities.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" hereinabove as if more fully set forth at length herein.

17. On or about May 11, 2012, between approximately 3:30 P.M. and 4:00 P.M., plaintiff was lawfully present in front of a building located at 1501 Nostrand Avenue, County of Kings, City and State of New York.

18. At the aforementioned time, defendant KRASNIQI and two other police officers walked by the aforementioned premises.

19. As defendant KRASNIQI and the other two aforementioned officers walked by the aforementioned premises, plaintiff happened to put a piece of candy into his mouth.

20. Defendant KRASNIQI asked plaintiff what he had just put into his mouth.

21. Plaintiff replied that it was a piece of candy.

22. Upon hearing plaintiff's answer, defendant KRASNIQI accused plaintiff of having swallowed a lighted marijuana cigarette.

23. Defendant KRASNIQI jumped over a gate located in front of the aforementioned building, grabbed plaintiff, threw him face down to the ground and rear handcuffed him.

24. Plaintiff was then transported to the stationhouse of the 67th Precinct.

25. While plaintiff was present at the stationhouse of the 67th Precinct, defendant McMILLAN ordered that he be taken to Kings County Hospital Center to undergo a physical examination in order to determine whether he had swallowed a lighted marijuana cigarette.

26. At approximately 5:15 P.M., plaintiff, escorted by defendant LAU, was transported by ambulance to Kings County Hospital Center.

27. While at the aforementioned hospital, plaintiff, as a result of false information provided to medical personnel by defendant LAU, who was acting at the direction of defendant McMILLAN, was compelled to undergo a physical examination to determine whether he had swallowed a lighted marijuana cigarette.

28. Upon information and belief, the physical examination failed to indicate that plaintiff had ingested a lighted marijuana cigarette.

29. Between approximately 1:00 A.M. and 2:00 A.M. on May 12, 2012, plaintiff was transported from Kings County Hospital Center back to the stationhouse of the 67th Precinct and was then transported to Brooklyn Central Booking.

30. On May 13, 2012, at approximately noon, plaintiff appeared before a Judge of the Criminal Court of the City of New York, Kings County, and was falsely and maliciously charged with attempted tampering with physical evidence, an E felony, and resisting arrest, an A misdemeanor.

31.     Plaintiff pled not guilty to both charges and was released on his own recognizance.

32.     At the time of his release, plaintiff had been in custody for approximately forty-four hours.

33.     On or about October 13, 2012, after having appeared in Criminal Court approximately four times, plaintiff received an adjournment in contemplation of dismissal.

34.     As a result of the aforementioned conduct of the individual defendants, plaintiff suffered a deprivation of his rights to be arrested only with probable cause, to be free from the use of excessive force, to be free from an unlawful bodily search, and to due process of law, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered physical injury, a loss of his liberty and incurred legal expenses.

35.     By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants hereto, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANT KRASNIQI
### and THE CITY OF NEW YORK
### (Battery)

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" hereinabove as if more fully set forth at length herein.

37. On or about May 11, 2012, between approximately 3:30 P.M. and 4:00 P.M. in front of 1501 Nostrand Avenue, County of Kings, City and State of New York, defendant KRASNIQI, without probable cause, offensively touched plaintiff by grabbing him by one of his arms, throwing him face down to the ground and handcuffing him.

38. The aforesaid force used by defendant KRASNIQI was not reasonable under the circumstances.

39. At the aforementioned time and place, defendant KRASNIQI was acting within the scope of his employment by defendant CITY OF NEW YORK.

40. By reason of the aforementioned acts of battery committed against plaintiff by defendant KRASNIQI, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, and through no culpable conduct of his own, plaintiff suffered, and continues to suffer, physical injuries.

41. By reason of the aforementioned battery committed against him by defendant KRASNIQI, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant KASNIQI.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS McMILLAN, LAU and THE CITY OF NEW YORK
(Battery)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "41" hereinabove as if more fully set forth at length herein.

43. On May 11, 2012, at approximately 5:15 P.M., defendant McMILLAN directed that plaintiff be transported to Kings County Hospital Center so as to be subjected to a physical examination without his consent.

44. Pursuant to the direction of defendant McMILLAN, defendant LAU accompanied plaintiff to and at the hospital.

45. Acting pursuant to instructions conveyed by defendant LAU and originating with defendant McMILLAN, a member of the medical staff offensively touched plaintiff by conducting an examination aimed at determining whether or not he had ingested a lighted marijuana cigarette.

46. The aforementioned examination was conducted without plaintiff's informed or willing consent.

47. At the aforementioned times and places, defendants McMILLAN and LAU were acting within the scope of their employment by defendant CITY OF NEW YORK.

48. By reason of the aforementioned act of battery committed against plaintiff by defendants McMILLAN and LAU, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, and through no culpable conduct of his own, plaintiff suffered a violation of his bodily integrity and suffered and continues to suffer emotional distress.

49. By reason of the aforementioned battery committed against him by defendants McMILLAN and LAU, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants McMILLAN and LAU.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT KRASNIQI
## <u>and THE CITY OF NEW YORK</u>
## (False Arrest)

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "49" hereinabove as if more fully set forth at length herein.

51. On or about May 11, 2012, between approximately 3:30 P.M. and 4:00 P.M., in front of 1501 Nostrand Avenue, County of Kings, City and State of New York, defendant KRASNIQI, without probable cause, forcibly, wrongfully and unlawfully arrested plaintiff, and against plaintiff's own free will, caused him to be incarcerated for approximately forty-four hours.

52. Plaintiff was illegally, falsely, maliciously, wrongfully and unlawfully kept in confinement in a New York City Police Department vehicle, at the stationhouse of the 67th Precinct, at Kings County Hospital Center and at Brooklyn Central Booking.

53. At the time he committed the aforementioned acts of false arrest and false imprisonment, defendant KRASNIQI was acting within the scope of his employment by defendant CITY OF NEW YORK.

54. By reason of the false arrest and false imprisonment committed against plaintiff by defendant KRASNIQI, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered physical injury and a loss of his liberty.

55. As a result of the aforesaid acts of false arrest and false imprisonment, committed against plaintiff by defendant KRASNIQI while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been

damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant KRASNIQI.

WHEREFORE, plaintiff, SAMKENS JOSE, demands judgment against defendants, P.O. DRITON KRASNIQI, Shield No. 1161, LIEUTENANT KEVIN McMILLAN, Tax Registration No. 914866, P.O. VINCENT LAU, Shield No. 2730 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant KRASNIQI;

THIRD CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants McMILLAN and LAU; and

FOURTH CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant KRASNIQI.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
      February 19, 2014

*/s/ Alan D. L.*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2253